UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SADIQA HALL,

                                                          Plaintiff,                    Case # 19-CV-6414-FPG

v.                                                                                      DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                          Defendant.
_____

## INTRODUCTION

Plaintiff Sadiqa Hall brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 10. For the reasons that follow, the Commissioner's motion is DENIED, Hall's motion is GRANTED, and this case is remanded to the Commissioner for further proceedings.

## BACKGROUND

In September 2016, Hall applied for DIB with the Social Security Administration ("the SSA"). Tr.[1] 56. She alleged disability since July 1, 2015 due to left ankle and knee injuries, diabetes, and high blood pressure. *Id.* On June 8, 2018, Administrative Law Judge Ryan A. Alger ("the ALJ") issued a decision finding that Hall was not disabled. Tr. 16-27. On April 11, 2019,

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 7.

the Appeals Council denied Hall's request for review. Tr. 1-4. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the

claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Hall's claim for benefits under the process described above. At step one, the ALJ found that Hall had not engaged in substantial gainful activity since the alleged onset date. Tr. 18. At step two, the ALJ found that Hall has the following severe impairments:

degenerative joint disease of the left knee, obesity, depression, and anxiety. *Id.* At step three, the ALJ found that her impairments do not meet or medically equal any Listings impairment. Tr. 19-20.

Next, the ALJ determined that Hall retains the RFC to perform sedentary work except that she is limited to understanding, remembering, and carrying out simple instructions. Tr. 20. At step four, the ALJ found that Hall cannot perform her past relevant work. Tr. 26. At step five, the ALJ found that Hall can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 26-27. Accordingly, the ALJ concluded that Hall is not disabled. Tr. 27.

## II.  Analysis

Hall argues, *inter alia*, that the ALJ erroneously crafted her mental RFC. ECF No. 8-1 at 16-18. Because the Court agrees, it need not address Hall's other arguments.

The ALJ found that Hall has severe impairments of depression and anxiety, but that these impairments only functionally limit Hall to understanding, remembering, and carrying out simple instructions. Tr. 18, 20. In evaluating Hall's mental RFC, the ALJ gave little weight to the only mental-health opinions of record—those of Rahim Shamsi, M.D., consultative examiner, and Katrin Carlson, Psy.D., state agency consultant. Tr. 65, 336. Instead, the ALJ appears to have relied on his own assessment of the treatment notes, Hall's reports, and other evidence to determine Hall's mental RFC. *See, e.g.*, Tr. 19, 22, 23. This was improper.

"[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015). Although an ALJ may make some common-sense judgments about

functional capacity without a physician's assessment, because "mental limitations are by their nature highly complex and individualized," courts are "wary of permitting an ALJ to use common sense" to assess them. *Kiggins v. Comm'r of Soc. Sec.*, No. 17-CV-6642, 2019 WL 1384590, at *5 (W.D.N.Y. Mar. 27, 2019) (internal quotation marks omitted); *see also Dye v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 386, 392-93 (W.D.N.Y. 2019) (collecting cases). By rejecting all of the opinion evidence and then crafting a mental RFC based on his own lay judgment, the ALJ failed to adhere to this principle, and remand is required. On remand, the ALJ should clarify the basis for his decision and/or further develop the record as to Hall's mental limitations.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is DENIED and Hall's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: April 15, 2020
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court